1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney

2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  RYAN ARASH REZAEI (CABN 285133)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-7200
7       FAX: (415) 436-7234
        ryan.rezaei@usdoj.gov
8
   Attorneys for United States of America

9
                        UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                              SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,          ) CASE NO. 24-CR-277 MMC
                                        )
14 |      Plaintiff,                    ) [~~PROPOSED~~] DETENTION ORDER
                                        )
15 |   v.                               )
                                        )
16 | LUKE BRUGNARA,                     )
                                        )
17 |      Defendant.                    )
                                        )
18

19       On May 21, 2024, the grand jury returned an indictment charging Defendant Luke Brugnara with

20 multiple counts of wire fraud and money laundering stemming from an alleged scheme to fraudulently

21 obtain COVID-19 funds. *See* Dkt. 1 (Indictment). Brugnara made his initial appearance and was

22 arraigned on June 26, 2024. Dkt. 7. The United States moved for detention on the basis that Defendant

23 was a serious risk of flight under 18 U.S.C. § 3142(f)(2)(A) and submitted a detention memorandum.

24 *See* Dkt. 9 (Government Detention Memorandum).

25       The Court held a detention hearing on July 1 and 2, 2024. Both government counsel and defense

26 counsel submitted proffers and arguments regarding detention.

27       Upon consideration of the facts (including the government's detention memorandum), proffers,

28 and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of

the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion:

In 2015, Defendant was convicted of escape and other offenses following a jury trial. *See* No. 14-CR-306, Dkt. 787 (Judgment). More recently, in May 2024, the Bureau of Prisons filed two escape notices after Defendant left the residential reentry center where he was to serve the remainder of a 456-day prison term that Judge Alsup imposed after revoking Defendant's supervised release in mid-2023. Regarding the second escape notice, Defendant left the residential reentry center and was gone for six days before the U.S. Marshals arrested him at a South San Francisco hotel room. *See* No. 14-CR-306, Dkt. 1233 (" Prior to his release, the BOP moved Offender Brugnara to a residential reentry program. He escaped twice during his residency. The BOP therefore returned him to prison, where he is now, and extended his term of imprisonment, now due to expire on August 4, 2024.").

In addition to his history of escape, Defendant has a history of supervised release violations, as reflected in the Pretrial Services report. This history demonstrates Defendant is not amenable to supervision. Defendant's uncivil demeanor in Court confirms this. Defendant repeatedly and aggressively raised his voice and spoke over the Court and failed to follow the Court's directions.

Defendant identified a surety in order to secure his release. In view of Defendant's history, this condition will not reasonably assure Defendant's appearance as required. In any event, the surety is not appropriate. Based on the Government's proffer, the proposed surety was present in May 2024 when law enforcement arrested Defendant after he left the residential reentry center for six days.

Moreover, the Government presented evidence at the detention hearing suggesting the proposed surety made false statements to Pretrial Services. As reflected in the Pretrial Services report, the proposed surety claimed she was not in a romantic relationship with Defendant. However, the Government proffered information from Supervisor Probation Officer Jennifer Hutchings, Brugnara's long-time probation officer. Hutchings knew the surety to be Brugnara's long-time girlfriend. In

addition, the Government read into the record text messages exchanged in early May 2024 between Defendant and the proposed surety confirming they were in a romantic relationship.  Indeed, when the defendant was arrested in May 2024 following his six-day escape from the residential reentry center, he was arrested at a hotel room in South San Francisco; the proposed surety was present in the hotel room during the arrest.

In light of the foregoing, the Government has met its burden of establishing by a preponderance that no condition or combination of conditions will reasonably assure Defendant's appearance as required.

This finding is made without prejudice to Defendant's right to seek review of Defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:  July 9, 2024

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge